**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **IMPLICIT, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 2:19-cv-42 |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **SOPHOS LTD,** | § | |
| | § | |
| *Defendant.* | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

COMES NOW Plaintiff Implicit, LLC ("Implicit") and files this Original Complaint for Patent Infringement against Defendant Sophos Ltd ("Sophos"), alleging as follows:

## I.  NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## II.  THE PARTIES

2. Plaintiff **Implicit, LLC** is a Washington limited liability company that maintains its principal place of business in Tyler, Texas.

3. Defendant **Sophos Ltd** is a limited company incorporated in England and Wales that does business in Texas, directly or through intermediaries, and maintains a principal place of business in Abingdon, United Kingdom.

### III. JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has specific personal jurisdiction over Sophos in this action pursuant to due process and the Texas Long Arm Statute because the claims asserted herein arise out of or are related to Sophos's voluntary contacts with this forum, such voluntary contacts including but not limited to: (i) at least a portion of the actions complained of herein; (ii) purposefully and voluntarily placing one or more Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from Accused Products provided to individuals in Texas and in this District.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(3) and 1400(b) for at least the reasons set forth above.

### IV. BACKGROUND

**A. The Asserted Patents**

7. This cause of action asserts infringement of United States Patent Nos. 8,056,075 (the "'075 Patent"); 8,856,779 (the "'779 Patent"); and 9,325,740 (the "'740 Patent") (collectively, the "Asserted Patents").

8. A true and correct copy of the '075 Patent, entitled "Server Request Management," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit 1.

9. The '075 Patent duly and legally issued on November 8, 2011.

10. Implicit is the current owner by assignment of all rights, title, and interest in and under the '075 Patent. Implicit has standing to sue for infringement of the '075 Patent.

11. A true and correct copy of the '779 Patent, entitled "Application Server for Delivering Applets to Client Computing Devices in a Distributed Environment," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit 2.

12. The '779 Patent duly and legally issued on October 7, 2014.

13. Implicit is the current owner by assignment of all rights, title, and interest in and under the '779 Patent. Implicit has standing to sue for infringement of the '779 Patent.

14. A true and correct copy of the '740 Patent, entitled "Application Server for Delivering Applets to Client Computing Devices in a Distributed Environment," and with Edward Balassanian as the named inventor, is attached hereto as Exhibit 3.

15. The '740 Patent duly and legally issued on April 26, 2016.

16. Implicit is the current owner by assignment of all rights, title, and interest in and under the '740 Patent. Implicit has standing to sue for infringement of the '740 Patent.

**B.    Sophos**

17. Sophos, directly or through intermediaries, makes, uses, sells, or offers to sell within the United States, or imports into the United States, certain products (the "Accused Products"), including but not limited to Sophos Web Server Protection.

18. By selling or offering to sell the Accused Products, Sophos, directly or through intermediaries, purposefully and voluntarily places the Accused Products into the stream of commerce with the expectation that they will be purchased or used by consumers in this District.

## V.  NOTICE

19. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

20. At least by filing and serving this Complaint, Implicit has given Sophos written notice of the Asserted Patents and of Sophos's infringement thereof.

## VI.  CLAIMS

### A.  Infringement of the '075 Patent

21. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Sophos.

22. The Accused Products are covered by at least claim 1 of the '075 Patent.

23. Sophos has directly infringed and continues to infringe at least claim 1 of the '075 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

24. Further and in the alternative, at least since the filing and service of this Complaint, Sophos has been and now is actively inducing infringement of at least claim 1 of the '075 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '075 Patent when they use the Accused Products in the ordinary, customary, and intended way.  Sophos's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Sophos provides online or with the Accused

Products) how to use the Accused Products in the ordinary, customary, and intended way, which Sophos knows or should know infringes at least claim 1 of the '075 Patent. Sophos's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing manufacturers to make the Accused Products within the United States, or knowingly inducing distributors or resellers to sell or offer to sell the Accused Products within the United States, by, directly or through intermediaries, instructing such manufacturers, distributors, or resellers to make, sell, or offer to sell the Accused Products in the United States, which Sophos knows or should know infringes at least claim 1 of the '075 Patent.

25. Further and in the alternative, at least since the filing and service of this Complaint, Sophos has been and now is actively contributing to infringement of at least claim 1 of the '075 Patent in violation of 35 U.S.C. § 271(c). Sophos installs, configures, and sells the Accused Products with one or more distinct components, including components that implement reverse proxy authentication (collectively, the "Server Accused Components"), each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '075 Patent. Each Server Accused Component within the Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '075 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '075 Patent. Sophos's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, which include one or more Server Accused Components, knowing each Server Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '075 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

26. As of the filing and service of this Complaint, Sophos's infringement of the '075 Patent has been and continues to be willful and deliberate.

**B.     Infringement of the '779 Patent**

27. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Sophos.

28. The Accused Products are covered by at least claim 1 of the '779 Patent.

29. Sophos has directly infringed and continues to infringe at least claim 1 of the '779 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

30. Further and in the alternative, at least since the filing and service of this Complaint, Sophos has been and now is actively inducing infringement of at least claim 1 of the '779 Patent in violation of 35 U.S.C. § 271(b). Users of the Accused Products directly infringe at least claim 1 of the '779 Patent when they use the Accused Products in the ordinary, customary, and intended way. Sophos's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Sophos provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, which Sophos knows or should know infringes at least claim 1 of the '779 Patent. Sophos's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing manufacturers to make the Accused Products within the United States, or

knowingly inducing distributors or resellers to sell or offer to sell the Accused Products within the United States, by, directly or through intermediaries, instructing such manufacturers, distributors, or resellers to make, sell, or offer to sell the Accused Products in the United States, which Sophos knows or should know infringes at least claim 1 of the '779 Patent.

31.     Further and in the alternative, at least since the filing and service of this Complaint, Sophos has been and now is actively contributing to infringement of at least claim 1 of the '779 Patent in violation of 35 U.S.C. § 271(c).  Sophos installs, configures, and sells the Accused Products with the Server Accused Components, each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '779 Patent.  Each Server Accused Component within the Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '779 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '779 Patent. Sophos's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, which include one or more Server Accused Components, knowing each Server Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '779 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

32.     As of the filing and service of this Complaint, Sophos's infringement of the '779 Patent has been and continues to be willful and deliberate.

**C.      Infringement of the '740 Patent**

33.     The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Sophos.

34. The Accused Products are covered by at least claim 1 of the '740 Patent.

35. Sophos has directly infringed and continues to infringe at least claim 1 of the '740 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Implicit's authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

36. Further and in the alternative, at least since the filing and service of this Complaint, Sophos has been and now is actively inducing infringement of at least claim 1 of the '740 Patent in violation of 35 U.S.C. § 271(b). Users of the Accused Products directly infringe at least claim 1 of the '740 Patent when they use the Accused Products in the ordinary, customary, and intended way. Sophos's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Sophos provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, which Sophos knows or should know infringes at least claim 1 of the '740 Patent. Sophos's inducements may further include, without limitation and with specific intent to encourage the infringement, knowingly inducing manufacturers to make the Accused Products within the United States, or knowingly inducing distributors or resellers to sell or offer to sell the Accused Products within the United States, by, directly or through intermediaries, instructing such manufacturers, distributors, or resellers to make, sell, or offer to sell the Accused Products in the United States, which Sophos knows or should know infringes at least claim 1 of the '740 Patent.

37. Further and in the alternative, at least since the filing and service of this Complaint, Sophos has been and now is actively contributing to infringement of at least claim 1 of the '740 Patent in violation of 35 U.S.C. § 271(c). Sophos installs, configures, and sells the Accused Products with the Server Accused Components, each of which is especially made or especially adapted to practice the invention claimed in at least claim 1 of the '740 Patent. Each Server Accused Component within the Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '740 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '740 Patent. Sophos's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, which include one or more Server Accused Components, knowing each Server Accused Component to be especially made or especially adapted for use in an infringement of at least claim 1 of the '740 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

38. As of the filing and service of this Complaint, Sophos's infringement of the '740 Patent has been and continues to be willful and deliberate.

## VII.  DAMAGES

39. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

40. For the above-described infringement, Implicit has been injured and seeks damages to adequately compensate it for Sophos's infringement of the Asserted Patents. Such damages, to be proved at trial, should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284, together with Implicit's costs and expenses, pre-judgment and post-judgment interest, and

supplemental damages for any continuing post-verdict or post-judgment infringement, with an accounting as needed.

41. As set forth above, Sophos's infringement of the Asserted Patents has been and continues to be willful, such that Implicit seeks treble damages under 35 U.S.C. § 284 as appropriate.

42. Sophos's willful infringement of the Asserted Patents renders this case exceptional under 35 U.S.C. § 285, such that Implicit seeks all reasonable attorneys' fees and costs incurred in this litigation, together with pre-judgment and post-judgment interest thereon.

## VIII. PRAYER FOR RELIEF

Implicit respectfully requests the following relief:

a. A judgment in favor of Implicit that Sophos has infringed each Asserted Patent, whether literally or under the doctrine of equivalents, as described herein;

b. A judgment and order requiring Sophos to pay Implicit its damages, costs, expenses, and pre-judgment and post-judgment interest for Sophos's infringement of each Asserted Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

c. A judgment and order requiring Sophos to pay Implicit enhanced damages for willful infringement as provided under 35 U.S.C. § 284;

d. A judgment and order finding this case exceptional and requiring Sophos to pay Implicit its reasonable attorneys' fees and costs incurred in this litigation pursuant to 35 U.S.C. § 285, together with pre-judgment and post-judgment interest thereon; and

e. Such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Implicit requests a jury trial of all issues triable of right by a jury.

Dated: February 4, 2019

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Implicit, LLC*